IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VALERIE R. BROWN, )
)
          Plaintiff, )
)
v. ) Case No. 16 C 830
)
PETSMART, INC., a corporation, )
)
          Defendant. )

## MEMORANDUM ORDER

On June 8, 2016 this Court ruled orally that the Answer and Affirmative Defenses to the First Amended Complaint brought by Valerie Brown ("Brown") against PetSmart, Inc. ("PetSmart") should be stricken because of the noncompliance of PetSmart's counsel with the pleading requirement of this District Court's LR 10.1. Regrettably PetSmart's counsel has now filed a new responsive pleading that violates a substantially more significant responsibility of every federal defendant.

Fed. R. Civ. P. ("Rule") 8 is exceedingly plain in the demands that it imposes on a defendant -- demands that are intended to create the same type of "notice pleading" burden on a federal defendant that the <u>Twombly</u>-<u>Iqbal</u> canon places on a federal plaintiff. First Rule 8(b)(1)(B) commands a responding party to "admit or deny the allegations asserted against it by an opposing party." Then Rule 8(b)(5) spells out the explicit disclaimer that a responding party <u>must</u> invoke if it cannot comply with Rule 8(b)(1)(B) as to any allegation by a plaintiff:

> A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

Despite the clarity of that directive, PetSmart's counsel has consistently omitted the two most demanding components of that disclaimer by making no reference (1) to the information it possesses and (2) to whether such information, together with any knowledge it may have, has provided a belief as to key allegations. Instead, here is how its Amended Answer to each of First Amended Complaint ¶¶ 9 through 11 reads:

> Defendant lacks knowledge as to the truth of the allegations contained in this paragraph.

And there is more, for most of PetSmart's Affirmative Defenses ("ADs") that follow the Amended Answer itself contain thoughtless assertions that are at odds with various of the denials and disclaimers contained in the Amended Answer itself. As Rule 8(c) and the uniform caselaw applying that Rule teach, an AD must accept a plaintiff's allegations as true but then go on to state reasons that the plaintiff nevertheless cannot recover (or perhaps may recover less than would otherwise be the case) -- see App'x ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Here ADs 2 through 5 fail to meet that standard.

In sum, PetSmart's recent amendment is also stricken, with leave granted to file an appropriate responsive pleading on or before July 20, 2016. Two things should be added:

1. It would be appreciated if that replacement pleading is printed on only one side of each page rather than both sides, to facilitate this Court's retention and handling of its paper case files.

2. No charge may be made to PetSmart by its counsel for the added work and expense incurred in correcting counsel's errors. PetSmart's counsel are ordered to apprise their client to that effect by letter, with a copy to be

transmitted to this Court's chambers as an informational matter (not for filing).

                                                      _____
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date: July 6, 2016